Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GALLION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RX VALET, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:20-cv-09057-JAK-JEM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT WITH PROPOSED ORDER**<br><br>**Judge John A Kronstadt**<br><br>**Date: May 17, 2021**<br><br>**Time: 8:30 A.M.** |

PLEASE TAKE NOTICE that on May 17, 2021, at 8:30 A.M., in Courtroom 10b, the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, Plaintiff, for himself and others similarly situated, will move this Court for an order granting Plaintiff's Motion for Leave to File First

Amended Complaint. In support of this motion, Plaintiff states as follows:

Plaintiff seeks leave to file his First Amend Complaint to add Gregory P. Santulli as a Defendant.   Plaintiff has only changed the original complaint by adding Gregory P. Santulli as a Defendant, adding information about Gregory P. Santulli, changing the caption of the complaint, and by changing the term "Defendant" into "Defendants" where appropriate.

The following page and line numbers contain the above described changes made to the original complaint:

- Page 1; lines 11, 13, 14, 17, 19
-  Page 2; lines 7, 8, 15, 16, 27, 28
- Page 3; lines 1, 2, 3, 19, 20, 27
- Page 4; lines 1, 2, 3, 7, 14, 15, 16, 17, 19, 21, 22, 25
- Page 5; lines 1, 2, 11, 20
- Page 6: lines 2, 4, 13, 19, 21, 25
- Page 7: lines 5, 7, 13, 17, 27
- Page 8; lines 1, 2, 6, 16, 24, 27
- Page 9; lines 10, 20, 23, 27
- Page 10; lines 12, 16, 17, 18, 23, 26, 28
- Page 11; lines 8, 13, 16, 19, 21
- Page 12; lines 14, 22, 23, 27
- Page 13; lines 3, 10, 11, 15, 26, 27
- Page 14; lines 3, 16, 20, 27
- Page 15; lines 3, 12, 21
- Page 16; line 2

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he Court should freely give leave when justice so requires." This motion is being filed for the purpose of including all Defendants that Plaintiff reasonably believes are liable

for the violations alleged. This motion was not filed for purposes of delay, nor for any other improper purpose. Defendant should not be prejudiced if the Court allows the amendment.

A copy of Plaintiff's proposed First Amended Complaint is attached to this Motion as Exhibit A. A copy of Plaintiff's proposed Order Granting Motion for Leave to File First Amended Complaint is attached to this Motion as Exhibit B. A redlined copy of Plaintiff's First Amended Complaint is attached to this Motion as Exhibit C.

Wherefore, Plaintiff respectfully requests this Honorable Court enter an order granting Plaintiff Leave to File his First Amended Complaint in this matter, and granting any other relief deemed just and proper by this court.


Dated:  January 20, 2021

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

Filed electronically on this 20nd day of January, 2021, with:

United States District Court CM/ECF system

Honorable John A. Kronstadt
United States District Court
Central District of California

/s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   Todd M. Friedman (SBN 216752)
2   Adrian R. Bacon (SBN 280332)
    Meghan E. George (SBN 274525)
3   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    21550 Oxnard St., Suite 780
4   Woodland Hills, CA 91367
5   Phone: 323-306-4234
    Fax: 866-633-0228
6   tfriedman@ toddflaw.com
7   abacon@ toddflaw.com
8   mgeorge@toddflaw.com
    ***Attorneys for Plaintiff***
9

10          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
11
                                      )  Case No. 2:20-cv-09057-JAK-JEM
12  STEVE GALLION, individually and on )
    behalf of all others similarly situated, )
13                                    )  **CLASS ACTION**
                                      )
14  Plaintiff,                        )  **FIRST AMENDED**
                                      )  **COMPLAINT FOR VIOLATIONS**
15         vs.                        )  **OF:**
                                      )
16                                    )
    RX VALET, LLC, GREGORY P.         )     1.   NEGLIGENT VIOLATIONS
17  SANTULLI, and DOES 1 through 10,  )          OF THE TELEPHONE
                                      )          CONSUMER PROTECTION
18  inclusive, and each of them,      )          ACT [47 U.S.C. §227(b)]
                                      )     2.   WILLFUL VIOLATIONS
19  Defendants.                       )          OF THE TELEPHONE
                                      )          CONSUMER PROTECTION
20                                    )          ACT [47 U.S.C. §227(b)]
                                      )     3.   NEGLIGENT VIOLATIONS
21                                    )          OF THE TELEPHONE
                                      )          CONSUMER PROTECTION
22                                    )          ACT [47 U.S.C. §227(c)]
                                      )     4.   WILLFUL VIOLATIONS
23                                    )          OF THE TELEPHONE
                                      )          CONSUMER PROTECTION
24                                    )          ACT [47 U.S.C. §227(c)]
                                      )
25                                    )
26                                    )  **DEMAND FOR JURY TRIAL**
                                      )
27                                    )
                                      )
28                                    )

_____

CLASS ACTION COMPLAINT

Plaintiff STEVE GALLION ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of RX VALET, LLC and GREGORY P. SANTULLI ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(a)(1)* because Plaintiff, a resident of California, seeks relief for the violations of Defendants, a Georgia limited liability company and a Georgia citizen. Plaintiff seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $75,000.00 threshold for federal court jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because the a substantial portion of the events giving rise to Plaintiff's claims occurred in the County of San Bernardino and within this District.

## PARTIES

4.     Plaintiff, STEVE GALLION ("Plaintiff"), is a natural person residing in Redlands, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, RX VALET, LLC ("Rx Valet") is a pharmaceutical discount marketer, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      Defendant, GREGORY P. SANTULLI ("Santulli") is the registered agent and CEO of Rx Valet, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.      The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.      On or about December 15, 2019, Plaintiff received a text message from Defendants on his cellular telephone, number ending in -6963.

10.     The message sent by Defendants read:

> RX VALET: Don't let the cold season get you down for the holidays. Check out our great prices on Z-paks and other cold meds at www.MyRxValet.com. Reply HELP for help. STOP to cancel.

11.     Plaintiff, upon receipt of the message, responded to Defendants' text message notification by replying "Stop".

12.     At that point, Plaintiff had withdrawn any consent Defendants might have believed Defendants had prior to that point. Despite Plaintiff's responses, Defendants continued to send unwanted text messages to Plaintiff.

13.     These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by *47 U.S.C. § 227(a)(1)* and prohibited by *47 U.S.C. § 227(b)(1)(A)*.

14.     The telephone number that Defendants, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to *47 U.S.C. § 227(b)(1)*.

15.     These text messages constituted texts that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)(i)*.

16.     Moreover, Plaintiff's cellular telephone number ending in -6963 had been registered on the National Do-Not-Call Registry for over thirty (30) days prior to Defendants' initial message.

17.     Plaintiff was never a customer of Defendants and never provided his cellular telephone number Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to *47 U.S.C. § 227 (b)(1)(A)*.

18.     These text messages by Defendants, or its agents, violated *47 U.S.C. § 227(b)(1)*.

19.     Plaintiff requested for Defendants to stop messaging Plaintiff during the initial contact from Defendants, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under *16 C.F.R. 310.4(b)(1)(iii)(B)*.

20.     Despite this, Defendants continued to message Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

21.     Upon information and belief, and based on Plaintiff's experiences of

being messaged by Defendants after requesting they stop, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under *47 U.S.C. § 227(c)(5)*.

## CLASS ALLEGATIONS

22.   Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the four proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such messages within the four years prior to the filing of this Complaint through the date of class certification.

23.   The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had revoked any prior express consent to receive such messages prior to the messages within the four years prior to the filing of this Complaint through the date of class certification.

24.   The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one message made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

25.   The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one message made by or on behalf of Defendants that promoted Defendants' products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

26.   Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint through the date of class certification.

27.   Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had revoked any prior express consent to receive such messages prior

to the messages within the four years prior to the filing of this Complaint through the date of class certification.

28. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one message made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

29. Plaintiff represents, and is a member of, The DNC Revocation Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one message made by or on behalf of Defendants that promoted Defendants' products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

30. Defendants, their employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

32. Plaintiff and members of The ATDS Class and The ATDS Revocation

---

CLASS ACTION COMPLAINT

Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

33.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants made any telemarketing/solicitation message (other than a message made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendants should be enjoined from engaging in such conduct in the future.

34.     As a person that received numerous telemarketing/solicitation messages from Defendants using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The

ATDS Class.

35.    Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class.  These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

       a.    Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants made any telemarketing/solicitation message (other than a message made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

       b.    Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

       c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

36.    As a person that received numerous telemarketing/solicitation messages from Defendants using an automatic telephone dialing system, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

37.    Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class and DNC Revocation Class members

via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

38.   Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

          a.   Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or its agents placed more than one solicitation message to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

          b.   Whether Defendants obtained prior express written consent to place solicitation messages to Plaintiff or the DNC Class members' telephones;

          c.   Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

          d.   Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

39.   As a person that received numerous solicitation messages from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

40.     Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Revocation Class.   These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC Revocation Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or its agents placed more than one solicitation message to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had revoked any prior express consent and any established business relationship with Defendants;

b.     Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

41.     As a person that received numerous solicitation messages from Defendants within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Revocation Class.

42.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.   Plaintiff has retained attorneys experienced in the prosecution of class actions.

43.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.   Even if every Classes member could

afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

44.    The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class and ATDS Revocation Class**

46.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

47.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

48.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory

damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

49.    Plaintiff and the ATDS Class and ATDS Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class and the ATDS Revocation Class**

50.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

51.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

52.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

53.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class and the DNC Revocation Class**

54.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

55.    The foregoing acts and omissions of Defendants constitute numerous

and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

56.     As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

57.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class and DNC Revocation Class**

58.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

59.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

60.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

61.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

---

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

62.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 20th Day of January, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff

---

CLASS ACTION COMPLAINT

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE GALLION, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-09057-JAK-JEM |
| Plaintiff, | **[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| RX VALET, LLC, and DOES 1 through 10, inclusive, and each of them, | |
| Defendants. | |

Before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint. Having considered the Motion, and good cause appearing therefor, the Court grants the Plaintiff's Motion and orders as follows.

Plaintiff shall file his First Amended Complaint within seven days of this order.

IT IS SO ORDERED:

DATED: _____, 2020        BY:_____
                             Honorable   JOHN   A.   KRONSTADT
                             United States District Judge

---

**EXHIBIT C**

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STEVE GALLION, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

RX VALET, LLC, GREGORY P. SANTULLI, and DOES 1 through 10, inclusive, and each of them,

Defendants.

Case No. 2:20-cv-09057-JAK-JEM

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]
2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]
3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]
4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

**DEMAND FOR JURY TRIAL**

Formatted: No underline

CLASS ACTION COMPLAINT

- 1 -

1    Plaintiff STEVE GALLION ("Plaintiff"), individually and on behalf of all
2  others similarly situated, alleges the following upon information and belief based
3  upon personal knowledge:

### NATURE OF THE CASE

5    1.    Plaintiff brings this action individually and on behalf of all others
6  similarly situated seeking damages and any other available legal or equitable
7  remedies resulting from the illegal actions of RX VALET, LLC and GREGORY
8  P. SANTULLI ("Defendants"), in negligently, knowingly, and/or willfully
9  contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone
10  Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related
11  regulations, specifically the National Do-Not-Call provisions, thereby invading
12  Plaintiff's privacy.

### JURISDICTION & VENUE

14    2.    Jurisdiction is proper under *28 U.S.C. § 1332(a)(1)* because Plaintiff,
15  a resident of California, seeks relief for the violations of Defendants, a Georgia
16  limited liability company and a Georgia citizen. Plaintiff seeks $1,500.00 in
17  damages for each call in violation of the TCPA, which, when aggregated among a
18  proposed class in the thousands, exceeds the $75,000.00 threshold for federal court
19  jurisdiction.

20    3.    Venue is proper in the United States District Court for the Central
21  District of California pursuant to *28 U.S.C. § 1391(b)(2)* because the a substantial
22  portion of the events giving rise to Plaintiff's claims occurred in the County of San
23  Bernardino and within this District.

### PARTIES

25    4.    Plaintiff, STEVE GALLION ("Plaintiff"), is a natural person residing
26  in Redlands, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

27    5.    Defendant, RX VALET, LLC ("Rx ValetDefendant") is a
28  pharmaceutical discount marketer, and is a "person" as defined by *47 U.S.C. § 153*

CLASS ACTION COMPLAINT

1  *(39)*.

2      ~~5.~~6.   Defendant, GREGORY P. SANTULLI ("Santulli") is the registered

3  agent and CEO of Rx Valet, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

4      ~~6.~~7.   The above named Defendants, and its subsidiaries and agents, are

5  collectively referred to as "Defendants."   The true names and capacities of the

6  Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

7  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

8  names.  Each of the Defendants designated herein as a DOE is legally responsible

9  for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the

10  Complaint to reflect the true names and capacities of the DOE Defendants when

11  such identities become known.

12      ~~7.~~8.   Plaintiff is informed and believes that at all relevant times, each and

13  every Defendant was acting as an agent and/or employee of each of the other

14  Defendants and was acting within the course and scope of said agency and/or

15  employment with the full knowledge and consent of each of the other Defendants.

16  Plaintiff is informed and believes that each of the acts and/or omissions complained

17  of herein was made known to, and ratified by, each of the other Defendants.

18                          **FACTUAL ALLEGATIONS**

19      ~~8.~~9.   On or about December 15, 2019, Plaintiff received a text message

20  from Defendants on his cellular telephone, number ending in -6963.

21      ~~9.~~10.  The message sent by Defendants read:

22

23          RX VALET: Don't let the cold season get you down for the

24          holidays. Check out our great prices on Z-paks and other cold

25          meds at www.MyRxValet.com. Reply HELP for help. STOP

26          to cancel.

27

28      ~~10.~~11. Plaintiff, upon receipt of the message, responded to Defendant's text

─────────────────────────────────────

CLASS ACTION COMPLAINT

1   message notification by replying "Stop".

2       11.12. At that point, Plaintiff had withdrawn any consent Defendants might
3   have believed Defendants had prior to that point. Despite Plaintiff's responses,
4   Defendants continued to send unwanted text messages to Plaintiff.

5       12.13. These text messages placed to Plaintiff's cellular telephone were
6   placed via an "automatic telephone dialing system," ("ATDS") as defined by *47*
7   *U.S.C. § 227(a)(1)* and prohibited by *47 U.S.C. § 227(b)(1)(A).*

8       13.14. The telephone number that Defendants, or their agent texted was
9   assigned to a cellular telephone service for which Plaintiff incurs a charge for
10  incoming texts pursuant to *47 U.S.C. § 227(b)(1).*

11      14.15. These text messages constituted texts that were not for emergency
12  purposes as defined by *47 U.S.C. § 227(b)(1)(A)(i).*

13      15.16. Moreover, Plaintiff's cellular telephone number ending in -6963 had
14  been registered on the National Do-Not-Call Registry for over thirty (30) days prior
15  to Defendant's' initial message.

16      16.17. Plaintiff was never a customer of Defendants and never provided his
17  cellular telephone number Defendants for any reason whatsoever. Accordingly,
18  Defendants and their agents never received Plaintiffs prior express consent to
19  receive unsolicited text messages, pursuant to *47 U.S.C. § 227 (b)(1)(A).*

20      17.18. These text messages by Defendants, or its agents, violated *47 U.S.C.*
21  *§ 227(b)(1).*

22      18.19. Plaintiff requested for Defendants to stop messaging Plaintiff during
23  the initial contact from Defendants, thus revoking any prior express consent that
24  had existed and terminating any established business relationship that had existed,
25  as defined under *16 C.F.R. 310.4(b)(1)(iii)(B).*

26      19.20. Despite this, Defendants continued to message Plaintiff in an attempt
27  to solicit its services and in violation of the National Do-Not-Call provisions of the
28  TCPA.

---

CLASS ACTION COMPLAINT

- 4 -

20.21. Upon information and belief, and based on Plaintiff's experiences of being messaged by Defendants after requesting they stop, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under *47 U.S.C. § 227(c)(5)*.

## CLASS ALLEGATIONS

21.22. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the four proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such messages within the four years prior to the filing of this Complaint through the date of class certification.

22.23. The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had revoked any prior express consent to receive such messages prior to the messages within the four years prior to the filing of this Complaint through the date of class certification.

23.24. The class concerning the National Do-Not-Call violation (hereafter

---

CLASS ACTION COMPLAINT

"The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one message made by or on behalf of Defendants that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

24.25. The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one message made by or on behalf of Defendants that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

25.26. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint through the date of class certification.

26.27. Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and

1  such person had revoked any prior express consent to receive such messages prior
2  to the messages within the four years prior to the filing of this Complaint through
3  the date of class certification.

4       27.28. Plaintiff represents, and is a member of, The DNC Class, consisting
5  of all persons within the United States registered on the National Do-Not-Call
6  Registry for at least 30 days, who had not granted Defendants prior express consent
7  nor had a prior established business relationship, who received more than one
8  message made by or on behalf of Defendants that promoted Defendant's products
9  or services, within any twelve-month period, within four years prior to the filing of
10 the complaint through the date of class certification.

11      28.29. Plaintiff represents, and is a member of, The DNC Revocation Class,
12 consisting of all persons within the United States registered on the National Do-
13 Not-Call Registry for at least 30 days, who received more than one message made
14 by or on behalf of Defendants that promoted Defendant's products or services,
15 after having revoked consent and any prior established business relationship, within
16 any twelve-month period, within four years prior to the filing of the complaint
17 through the date of class certification.

18      29.30. Defendants, their employees and agents are excluded from The
19 Classes.  Plaintiff does not know the number of members in The Classes, but
20 believes the Classes members number in the thousands, if not more.  Thus, this
21 matter should be certified as a Class Action to assist in the expeditious litigation of
22 the matter.

23      30.31. The Classes are so numerous that the individual joinder of all of its
24 members is impractical.  While the exact number and identities of The Classes
25 members are unknown to Plaintiff at this time and can only be ascertained through
26 appropriate discovery, Plaintiff is informed and believes and thereon alleges that
27 The Classes includes thousands of members.  Plaintiff alleges that The Classes
28 members may be ascertained by the records maintained by Defendants.

CLASS ACTION COMPLAINT

- 7 -

31.32. Plaintiff and members of The ATDS Class and The ATDS Revocation Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

32.33. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants made any telemarketing/solicitation message (other than a message made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

33.34. As a person that received numerous telemarketing/solicitation messages from Defendants using an automatic telephone dialing system, without

Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

34.35. Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class. These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

        a.    Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants made any telemarketing/solicitation message (other than a message made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

        b.    Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

        c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

35.36. As a person that received numerous telemarketing/solicitation messages from Defendants using an automatic telephone dialing system, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

36.37. Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendants in at least the following ways: Defendants

CLASS ACTION COMPLAINT

1  illegally contacted Plaintiff and DNC Class and DNC Revocation Class members
2  via their telephones for solicitation purposes, thereby invading the privacy of said
3  Plaintiff and the DNC Class and DNC Revocation Class members whose telephone
4  numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class
5  and DNC Revocation Class members were damaged thereby.

6      37.38. Common questions of fact and law exist as to all members of The
7  DNC Class which predominate over any questions affecting only individual
8  members of The DNC Class.  These common legal and factual questions, which do
9  not vary between DNC Class members, and which may be determined without
10 reference to the individual circumstances of any DNC Class members, include, but
11 are not limited to, the following:

12          a.   Whether, within the four years prior to the filing of this
13               Complaint through the date of class certification, Defendants or
14               its agents placed more than one solicitation message to the
15               members of the DNC Class whose telephone numbers were on
16               the National Do-Not-Call Registry and who had not granted
17               prior express consent to Defendants and did not have an
18               established business relationship with Defendants;
19          b.   Whether Defendants obtained prior express written consent to
20               place solicitation messages to Plaintiff or the DNC Class
21               members' telephones;
22          c.   Whether Plaintiff and the DNC Class members were damaged
23               thereby, and the extent of damages for such violation; and
24          d.   Whether Defendants and theirits agents should be enjoined
25               from engaging in such conduct in the future.

26     38.39. As a person that received numerous solicitation messages from
27 Defendants within a 12-month period, who had not granted Defendants prior
28 express consent and did not have an established business relationship with

CLASS ACTION COMPLAINT

1   Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

2          39.40. Common questions of fact and law exist as to all members of The
3   DNC Class which predominate over any questions affecting only individual
4   members of The DNC Revocation Class.   These common legal and factual
5   questions, which do not vary between DNC Revocation Class members, and which
6   may be determined without reference to the individual circumstances of any DNC
7   Revocation Class members, include, but are not limited to, the following:

8          a.   Whether, within the four years prior to the filing of this
9               Complaint through the date of class certification, Defendants or
10              its agents placed more than one solicitation message to the
11              members of the DNC Class whose telephone numbers were on
12              the National Do-Not-Call Registry and who had revoked any
13              prior express consent and any established business relationship
14              with Defendants;

15         b.   Whether Plaintiff and the DNC Class members were damaged
16              thereby, and the extent of damages for such violation; and

17         c.   Whether Defendants and its agents should be enjoined from
18              engaging in such conduct in the future.

19         40.41. As a person that received numerous solicitation messages from
20  Defendants within a 12-month period, who, to the extent one existed, had revoked
21  any prior express consent and any established business relationship with
22  Defendants, Plaintiff is asserting claims that are typical of the DNC Revocation
23  Class.

24         41.42. Plaintiff will fairly and adequately protect the interests of the members
25  of The Classes.   Plaintiff has retained attorneys experienced in the prosecution of
26  class actions.

27         42.43. A class action is superior to other available methods of fair and
28  efficient adjudication of this controversy, since individual litigation of the claims

CLASS ACTION COMPLAINT

of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

43.44. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

44.45. Defendants haves acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class and ATDS Revocation Class**

45.46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-454.

46.47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

47.48. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

---

CLASS ACTION COMPLAINT

1    Plaintiff and the Class Members are entitled to an award of $500.00 in statutory

2    damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

3    ~~48.~~ Plaintiff and the ATDS Class and ATDS Revocation Class members

4    are also entitled to and seek injunctive relief prohibiting such conduct in the future.

6    49.

**Formatted:** Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 1"

7                            **SECOND CAUSE OF ACTION**

8    **Knowing and/or Willful Violations of the Telephone Consumer Protection**

9                                        **Act**

10                              **47 U.S.C. §227(b)**

11          **On Behalf of the ATDS Class and the ATDS Revocation Class**

12    ~~49.~~50. Plaintiff repeats and incorporates by reference into this cause of action

13    the allegations set forth above at Paragraphs 1-4~~5~~4.

14    ~~50.~~51. The foregoing acts and omissions of Defendant~~s~~ constitute numerous

15    and multiple knowing and/or willful violations of the TCPA, including but not

16    limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*,

17    and in particular *47 U.S.C. § 227 (b)(1)(A)*.

18    ~~51.~~52. As a result of Defendant~~'~~s' knowing and/or willful violations of *47*

19    *U.S.C. § 227(b)*, Plaintiff and the ATDS Class and ATDS Revocation Class

20    members are entitled to an award of $1,500.00 in statutory damages, for each and

21    every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

22    ~~52.~~53. Plaintiff and the Class members are also entitled to and seek injunctive

23    relief prohibiting such conduct in the future.

24                            **THIRD CAUSE OF ACTION**

25        **Negligent Violations of the Telephone Consumer Protection Act**

26                              **47 U.S.C. §227(c)**

27          **On Behalf of the DNC Class and the DNC Revocation Class**

28    ~~53.~~54. Plaintiff repeats and incorporates by reference into this cause of action

CLASS ACTION COMPLAINT

- 13 -

the allegations set forth above at Paragraphs 1-4~~54~~.

~~54.~~55. The foregoing acts and omissions of Defendant~~s~~ constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

~~55.~~56. As a result of Defendant~~'s~~' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

~~56.~~57. Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class and DNC Revocation Class**

~~57.~~58. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

~~58.~~59. The foregoing acts and omissions of Defendant~~s~~ constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

~~59.~~60. As a result of Defendant~~'s~~' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

~~60.~~61. Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

### **THIRD CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*
- Any and all other relief that the Court deems just and proper.

CLASS ACTION COMPLAINT

**<u>FOURTH CAUSE OF ACTION</u>**

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

61.62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 20th Day of January, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

CLASS ACTION COMPLAINT

- 16 -